# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | 1:10-cv-00865-OWW-SMS (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
|     v. | |
| B.M. CASH, | [Doc. 1] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on May 17, 2010. Petitioner is challenging a conviction arising out of the Kings County Superior Court on June 19, 2002. Petitioner contends that his right to a jury trial was violated because the aggravated sentencing term of four years was not proven beyond a reasonable doubt by a jury.

On the form petition, Petitioner neglected to indicate that he has previously filed a petition for writ of habeas corpus in this Court, in case number 1:07-cv-0557 SMS HC, <u>Saunders v. Torres</u>, which was dismissed with prejudice as untimely on April 6, 2009. Petitioner filed a notice of appeal on April 23, 2009, and the Ninth Circuit Court of Appeals denied a certificate of appealability on June 1, 2010.

///

///

1

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

1    The prior petition in 1:07-cv-00557-SMS HC, was dismissed with prejudice as time-
2 barred by the statute of limitations.  Although a dismissal based on the statute of limitations does
3 not include an examination of the merits of the petition, it nonetheless operates and is equivalent
4 to a final judgment on the merits.  See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327,
5 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits',"
6 citing Mathis v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re
7 Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a
8 dismissal on statute of limitations grounds can be treated as a dismissal on the merits.")  A
9 dismissal based on untimeliness under the statute of limitations bars further review of the action.
10 Therefore, because the prior petition was adjudicated "on the merits", the instant petition is a
11 "second or successive petition" under § 2244(b).
12    Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to
13 file his successive petition attacking the conviction.  That being so, this Court has no jurisdiction
14 to consider Petitioner's renewed application for relief from that conviction under § 2254 and must
15 dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner
16 desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do
17 so with the Ninth Circuit Court of Appeals.  See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

19    Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas
20 corpus be DISMISSED without prejudice as a successive petition.
21    This Findings and Recommendation is submitted to the assigned United States District
22 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
23 Local Rules of Practice for the United States District Court, Eastern District of California.
24 Within thirty (30) days after being served with a copy, any party may file written objections with
25 the court and serve a copy on all parties.  Such a document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
27 and filed within fourteen (14) days after service of the objections.  The Court will then review the
28 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 4, 2010**                           /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE